## PEOPLE *v.* GARVEY.

1. CRIMINAL LAW—CROSS-EXAMINATION—ABUSE OF DISCRETION.
   Where great latitude in the cross-examination of a witness was allowed, and counsel took no exception to the ruling of the court limiting same, no abuse of discretion or harmful error is shown.

2. SAME—APPEAL AND ERROR—ASSIGNMENT OF ERROR TOO VAGUE TO BE CONSIDERED.
   An assignment of error based on permitting leading questions without calling attention to any particular question, counsel saying "A brief survey of the record shows the type of questions put to these witnesses," *held,* too vague to be considered.

3. SAME—REBUTTAL PROOF.
   Error in not limiting rebuttal proof, *held,* not shown by the record, where the testimony about which complaint is made was limited to the period of time and to the situation about which his counsel had examined defendant in great detail.

4. SAME—INTOXICATING LIQUORS—EVIDENCE—SUFFICIENCY — QUESTION FOR JURY.
   In a prosecution for violating the liquor law, conflicting testimony · *held,* to present a question for the jury.

Exceptions before judgment from Newaygo; Barton (Joseph), J.    Submitted January 13, 1922.    (Docket No. 163.)    Decided March 30, 1922.

Reuben Garvey was convicted of violating the liquor law.    Affirmed.

*Willard G. Turner, Jr.,* for appellant.

*William J. Branstrom,* Prosecuting Attorney, for the people.

MOORE, J.    The defendant was convicted of selling

moonshine whisky on the fourth day of July, 1921. The case is here on exceptions before sentence.

The assignments of error are discussed by counsel under four heads:

(1) Errors of the court in limiting attorney for the defendant in his questions to Clyde Hutchinson.

(2) Errors in permitting the prosecuting attorney to pursue, over objection of counsel for defendant, a course of successive leading questions in his examination of witnesses for the people.

(3) Error of the court in permitting Noble McKinley, a witness for the people, to testify as to results of an examination made of defendant's home and adjacent premises, over objection of defendant's counsel, on Saturday, following Monday, July 4th, the time at which the alleged offense occurred.

(4) That the verdict of the jury was against the great and overwhelming weight of the evidence in this cause.

We will discuss the errors in the order in which counsel presents them:

1. Did the court err in limiting the cross-examination? Counsel was allowed great latitude in the cross-examination of Mr. Hutchinson. Nearly six pages of the printed record are filled with this cross-examination. Counsel took no exception to the ruling of the court. We do not think any abuse of discretion or harmful error in this regard is shown.

2. Did the court err in permitting leading questions? Counsel does not call attention to any particular question, but contents himself with saying in the brief:

"A brief survey of the record shows the type of questions put to these witnesses."

This is too vague to require this court to discuss the question.

3. Did the court err in not limiting rebuttal proof? An examination of the record shows that the testimony about which complaint is made was limited to the period of time, and to the situation about which

his counsel had examined the defendant in great detail.    There was no error under this head.

4. Was the verdict against the great weight of the evidence?    We quote some of the testimony:

"*Witness* (continuing):    He had a car there and I went to the car and got the liquor.    It was wrapped up in paper.    It was in the can that I let him have in the morning or one that I thought looked like it. I paid him $4 for it.    I drank the liquor and it was intoxicating.    I got intoxicated.    Mr. Horton drank some of it."

Mr. Horton testified substantially the same.    There was other testimony along that line.    It is true defendant and his witnesses denied that he made any sale, but this made a question for the jury.    There was no motion for a new trial.    We discover no reversible error.

The verdict is affirmed.

FELLOWS, C. J., and WIEST, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.